The State v. Berquist.

No. 23,411.

THE STATE OF KANSAS, *Appellant,* v. C. E. BERQUIST, *Appellee.*

SYLLABUS BY THE COURT.

CRIMINAL SYNDICALISM — *Insufficient Information.* In a prosecution under a statutory provision making it a felony to become a member of a society that teaches certain doctrines which are defined as criminal syndicalism, the information to be sufficient must allege that the defendant became a member of such a society in Kansas; but it need not allege that the teaching of such doctrines by the society referred to had taken place in this state.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed June 11, 1921. Affirmed.

*Richard J. Hopkins,* attorney-general, *John G. Egan,* assistant attorney-general, *Alfred G. Armstrong,* county attorney, and *Donald W. Stewart,* assistant county attorney, for the appellant.

*P. L. Courtright,* of Independence, for the appellee.

The opinion of the court was delivered by

MASON, J.: C. E. Berquist was arrested upon a charge of violating the statute defining criminal syndicalism and penalizing certain acts in connection therewith. (Laws 1920, ch. 37.) A motion to quash the information was sustained and the state appeals.

The sections of the statute under which the information was drawn read:

"Criminal syndicalism is hereby defined to be the doctrine which advocates crime, physical violence, arson, destruction of property, sabotage, or other unlawful acts or methods, as a means of accomplishing or effecting industrial or political ends, or as a means of effecting industrial or political revolution, or for profit." (Laws 1920, ch. 37, § 1.)

"Any person who, by word of mouth, or writing, advocates, affirmatively suggests or teaches the duty, necessity, propriety or expediency of crime, criminal syndicalism, or sabotage, or who shall advocate, affirmatively suggest or teach the duty, necessity, propriety or expediency of doing any act of violence, the destruction of or damage to any property, the bodily injury to any person or persons, or the commission of any crime or unlawful act as a means of accomplishing or effecting any industrial or political ends, change or revolution, or for profit; or who prints, publishes, edits, issues, or knowingly circulates, sells,

distributes, or publicly displays any books, pamphlets, paper, handbill, poster, document, or written or printed matter in any form whatsoever, containing matter advocating, advising, affirmatively suggesting or teaching crime, criminal syndicalism, sabotage, the doing of any act of physical violence, the destruction of or damage to any property, the injury to any person, or the commission of any crime or unlawful act as a means of accomplishing, effecting or bringing about any industrial or political ends or change, or as a means of accomplishing, effecting or bringing about any industrial or political revolution, or for profit, or who shall openly, or at all attempt to justify by word of mouth or writing, the commission or the attempt to commit sabotage, or any act of physical violence, or the destruction of or damage to any property, or the injury of any person or the commission of any crime, or unlawful act, with the intent to exemplify, spread, or teach, or affirmatively suggest criminal syndicalism, or organizes, or helps to organize or become a member of, or voluntarily assembles with any society or assemblage of persons which teaches, advocates or affirmatively suggests the doctrine of criminal syndicalism, sabotage, or the necessity, propriety or expediency of doing any act of physical violence or the commission of any crime or unlawful act as a means of accomplishing or effecting any industrial or political ends, change or revolution or for profit, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state penitentiary for a term of not less than one year nor more than ten years, or by a fine of not more than $1,000, or by both such imprisonment and fine."　(Laws 1920, ch. 37, § 3.)

The material portion of the information reads:

"That heretofore and to wit on or about the 11th day of May, A. D. 1920, at and within the county of Montgomery and state of Kansas, the above-named defendant, C. E. Berquist, then and there being, was then and there willfully, wrongfully, unlawfully and feloniously a member of a society or assemblage of persons, to wit, The Industrial Workers of the World, which teaches or advocates or affirmatively suggests the doctrine of criminal syndicalism or sabotage, or the necessity or propriety or expediency of doing acts of physical violence and the commission of crime or unlawful acts as a means of accomplishing or effecting industrial or political ends, change or revolution."

The reason assigned by the court for quashing the information was that "it fails to state that the defendant was a member of such organization which teaches or advocates said unlawful doctrines as mentioned in the information, within the state of Kansas, or within the jurisdiction of the court." This objection to the sufficiency of the information is more or less interwoven with another urged by the defendant—that it was defective because of its omission to state that he became a member of the organization referred to in Kansas.

24—109 KAN.

The information rests wholly upon the allegation of the defendant's membership in the society known as the Industrial Workers of the World, which is described as one teaching criminal syndicalism. No charge is made of any other act on his part and no allegation is made that he became a member of the organization in Kansas or that the organization had in this state taught the doctrines referred to. The general allegation that the defendant "at and within the county of Montgomery and state of Kansas" did the things complained of is undoubtedly sufficient without repetition to fix the place of all conduct of which the defendant is charged to have been guilty, but it can hardly be interpreted as fixing the place of the society's activities. In view of the character of the charge, however, the information if otherwise sufficient would not be vitiated by the omission to allege that the society operated in Kansas. The statute makes it a felony for a person to become a member of a society which teaches what is defined as criminal syndicalism. The essence of the offense is the uniting with such an organization—joining it and thereby assuming an obligation to coöperate with its members in accomplishing its purposes. In order for this act to be punishable in Kansas it must take place here. But where a person joins in this state a society of that character he could not escape liability by showing that it had never made Kansas a field of its propaganda. His misconduct in this respect would bear a strong analogy to the entering into an unlawful conspiracy, the venue of which offense may be laid in the county where the agreement was entered into although all overt acts were to be committed outside the state. (12 C. J. 640.)

The information, however, does not allege that the defendant in Kansas became a member of the Industrial Workers of the World—but merely that being in Kansas he was a member of it. Under its allegations it may be that he joined the society in some other state and that neither he nor any other member has ever within the borders of Kansas attempted to teach its doctrines or taken any step in prosecution of its designs, and that he has not within this jurisdiction conspired or conferred with others concerning them. The mere coming into this state of one who had theretofore become a member of such an organization as the statute condemns does not, according to its terms, render him subject to prosecution here.

The correctness of this conclusion is the more evident from the fact that the language of our statute is different with respect to the matter now under consideration from that of the Washington act which obviously was to some extent consulted by the draftsman in framing it. There the penalty is imposed upon whoever shall "organize or help to organize, give aid to, be a member of or voluntarily assemble with any group of persons formed to advocate, advise or teach crime, sedition, violence, intimidation or injury as a means or way of effecting or resisting any industrial, economic, social or political change." (Laws of Washington, 1919, ch. 174, § 1.) Because of the use of the expression "be a member of" as distinguished from "become a member of" the Washington court has held that a prosecution under this clause may be maintained in a county other than that in which the defendant joined the organization. (*State v. Hennessy* [Wash.], 195 Pac. 211, 217-218.) A distinction has been recognized between a statutory provision that relatives of the appointing officer shall not "be appointed to" certain offices, and one forbidding such a relative to hold the office (*Reilly v. Knapp*, 105 Kan. 565, 567, 185 Pac. 47; *Bailey v. Turner*, 108 Kan. 856, 197 Pac. 214) ; and a statute creating a felony is of course to be construed more strictly than where merely civil matters are involved.

We hold the information to be subject to a motion to quash because it does not allege that the defendant became a member of the Industrial Workers of the World in this state. No objection to the validity of the statute has been presented except in connection with a claim of the defendant that if the act should be construed as penalizing him for merely being a member of the organization referred to, irrespective of the time or place of his joining, it would be *ex post facto*. In view of the construction adopted that question does not arise. No attack has been made upon the information on the ground that some of the clauses describing the character of the society referred to are connected by "or" instead of "and" and of course no question that might arise in that connection is passed upon.

The judgment is affirmed.